**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **MONIQUE SHANNON LARY** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-CV-01477-O** |
| | § | |
| **JOHN DAVID BROOKE** | § | |
| | § | |
| **Defendant.** | § | |

**OPINION & ORDER**

Before the Court is Emergency Motion – Petitioner Monique Shannon Lary's Motion for Entry of Ex Parte Temporary Restraining Order and Scheduling of an Expedited Hearing and Other Relief filed on November 19, 2026 (the "Motion"). Motion, ECF No. 5. After considering the Motion, the Court finds that it should be and is hereby **DENIED**.

## I. BACKGROUND[1]

On November 17, 2026, Monique Shannon Lary ("Petitioner") filed her Verified Petition for Return of Children to Petitioner and Petition for Immediate Issuance of Show Cause Order to Respondent (the "Petition"). Petition, ECF No. 1. Petitioner seeks the return of her two minor children, Z.L.B. and X.Q.Z.B., under the United Nations Hague Convention on the Civil Aspects of International Child Abduction (the "Convention"), implemented by the International Child Abduction Remedies Act, 22 U.S.C. § 9001, *et seq.* ("ICARA").

On November 19, 2026, Petitioner filed the Motion requesting a temporary restraining order ("TRO") *ex parte* under Federal Rule of Civil Procedure 65 to enjoin Petitioner's former

[1] The recitation of the facts herein are taken from facts provided in the Motion and Verified Petition for Return of Children to Petitioner and Petition for Immediate Issuance of Show Cause Order to Respondent (ECF No. 1).

spouse, John David Brooke ("Respondent") from removing their minor children from the jurisdiction of this Court.[2] Petitioner's requested *ex parte* relief included the surrender of Respondent's and the minor children's travel documents as well as a voluntary disclosure of Respondent and the children's locations every twenty-four hours.[3]

## II. LEGAL STANDARD

Injunctive relief "is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). The standard for the issuance of a TRO is the same as the standard to issue a preliminary injunction. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). As such, Petitioner bears the burden to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011); *see also Starbucks Corp. v. McKinney*, 602 U.S. 339, 346 (2024).

If the TRO requested is *ex parte*, as Petitioner requests here, such TRO will issue only if (1) "specific facts in an affidavit or a verified complaints clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and (2) "the movant's attorney certified in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)–(B).

---

[2] The minor children traveled to Texas as part of a prearranged visit for Respondent to "exercise his summer possession with the children." Petition ¶ 4, ECF No. 1.

[3] Motion 2, ECF No. 5.

## III. ANALYSIS

Petitioner is not entitled to the TRO she requests because she cannot show a substantial threat of irreparable injury she will suffer if the injunction is not issued. In addition, Petitioner is not entitled to a TRO *ex parte* because there is no evidence that such substantial threat of irreparable injury will result "before [Respondent] can be heard in opposition" and no reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1).

A substantial threat of injury requires that the injury is both "imminent" and "that money damages would not fully repair the harm." *Humana Inc. v. Jacobson*, 804 F.2d 1390, 1394 (5th Cir. 1986). Under this test, "imminent" threat means the irreparable injury is "likely," which requires more than a mere showing of "possibility." *Winter*, 555 U.S. at 22 (collecting sources). As such, "[s]peculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985). Petitioner's alleged threat of injury, as currently pleaded, is not imminent and is speculative at best.

Even when the Motion and the Petition are construed together, Petitioner fails to allege why the substantial threat of injury is imminent. There is no doubt that irreparable harm with ensue if a former spouse ran away with the children into hiding. But Petitioner has not set forth evidence to show that her former husband is likely a flight risk to warrant the restrictive TRO she proposes. Indeed, Petitioner merely recites the statutory language of 42 U.S.C. § 11604(a) allowing district courts to take measures "to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition" and conclusorily states that "[s]uch relief is needed in this case." Motion 1, ECF No. 5. In fact, Petitioner's own verified allegations support the opposite. Petitioner claims that the children traveled to Texas as an agreed

arrangement with Respondent. Petition 3, ECF No. 1. Further, this visit was the children's third visit in which the parties agreed for the children to travel from Ilidža, Bosnia and Herzegovina to Texas to visit Respondent. *Id.* Petitioner admits that Respondent did not attempt to keep possession of the children during the two previous visits. *Id.* Lastly, Petitioner did not establish the sufficient imminence of the threat of injury because Respondent's last refusal to return the children was communicated by text message on August 6, 2026—four months prior to the filing of the Petition:




*Id.* Ex. C (Aug. 6, 2026 Text Messages), ECF No. 1-4. The same text messages also do not convey threats to run away with the children or to hold them in Texas forever. *Id.* In fact, these text messages show that Respondent asserts that the "Decree allows [him] to have [the children] till

7 days prior to school start"—indicating an intent to return the children. *Id.* In sum, Petitioner failed to carry her burden for the issuance of the TRO as there is no substantial threat of harm that Respondent is a flight risk, especially when it took Petitioner four months to file her Petition.

Even if Petitioner carried her burden, she did not show why the TRO should be issued *ex parte* under Rule 65. For the foregoing reasons, Petitioner cannot now argue that the irreparable harm is so imminent that it will result before Respondent can be heard in opposition. *See* Fed. R. Civ. P. 65(b)(1)(A). Moreover, Petitioner's Rule 65 certification did not provide efforts to give notice or reasons why notice is not required; the certification merely provides that notice "should not be required in order to prevent the further removal or concealment of the Child before final disposition of the Petition . . . [and that] Respondent has not yet appeared in this case." *See id.* 65(b)(1)(B); Motion 3, ECF No. 5.

As set forth above, the Court finds that Petitioner fails to carry her burden on the second element for injunctive relief. Petitioner also failed to carry her burden under Rule 65 to warrant a TRO *ex parte*. Thus, there is no basis to issue a TRO.

## IV. CONCLUSION

It is therefore **ORDERED** that Petitioner's Motion (ECF No. 5) is hereby **DENIED without prejudice**. Petitioner may either supplement or amend her Motion with necessary evidence if there is a likely substantial threat of Respondent being a flight risk. This Order does not bar Petitioner from seeking injunctive relief to accommodate any change in circumstances.

It is further **ORDERED** that Petitioner will diligently effectuate service of process upon Respondent. Petitioner is further **DIRECTED** to notify the Court of service of process upon Respondent by filing proper proof of service **within three days of service**. Once service has been completed, the Court will schedule an expedited hearing to adjudicate Petitioner's claims.

**SO ORDERED** on this **20th day** of **November 2026**.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**